```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

IN RE MENTOR CORP. OBTAPE        * MDL Docket No. 2004
                                   4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS    *
                                   Case No.
LIABILITY LITIGATION             * 4:13-cv-221 (Burgess)

O R D E R

Defendant Mentor Worldwide, LLC filed a motion for summary judgment in this action. In response, Plaintiffs Helen and Robert Burgess rely on two unsworn expert reports: the report of Dr. Andrew Siegel that was prepared for the case of *Cole v. Mentor Worldwide, LLC*, 4:11-cv-5073, and the report of Dr. Amanda White that was prepared for this case.

Mentor argues that the Court cannot consider the unsworn expert reports at summary judgment based on an Eleventh Circuit case evaluating a prior version of Federal Rule of Civil Procedure 56. In 2003, the Eleventh Circuit found that the district court did not err by declining to consider unsworn expert reports submitted in opposition to summary judgment. *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003), *as amended* (Sept. 29, 2003). The Eleventh Circuit emphasized that the version of Rule 56(c) in effect at the time stated that, at summary judgment, a district court could consider "[o]nly 'pleadings, depositions, answers to interrogatories, and

admissions on file, together with affidavits.'" *Id.* (emphasis omitted) (quoting Fed. R. Civ. P. 56(c) (2003)).

The present version of Rule 56(c)(1), which became effective December 1, 2010, states:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Rule 56 further provides: "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). If a party objects that the material cited cannot be presented in an admissible form, then the proponent of the evidence must show "that the material is admissible as presented or . . . explain the admissible form that is anticipated." 2010 Advisory Comm. Note to Rule 56(c)(2).

Based on the text of the current version of Rule 56, the Court finds that it may consider the unsworn expert reports over Mentor's objection as long as Plaintiffs explain how the opinions stated in the expert reports will be reduced to admissible form at trial. Here, Plaintiffs suggest that they

2

will offer the testimony of Dr. White at trial, but Plaintiffs have not explained how Dr. Siegel's report will be reduced to admissible form at trial. Given that this issue was not raised until Mentor filed its reply brief, Plaintiffs shall be permitted to file a short sur-reply brief on this point. The sur-reply brief is due by August 1, 2016. The sur-reply brief shall explain how Dr. Siegel's report will be reduced to admissible form at trial and shall state whether Dr. Siegel was disclosed as an expert in this individual case.

IT IS SO ORDERED, this 25th day of July, 2016.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA